IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOWARD BOWMAN, | § | |
| | § | No. 474, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2202001165 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: June 4, 2024
Decided: July 23, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Howard Bowman, appeals the Superior Court's denial of his motion for sentence modification.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bowman's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On August 11, 2022, Bowman pleaded guilty to one count of possession of a deadly weapon during the commission of a felony and one count of first-degree reckless endangering as a lesser included offense of attempted first-degree murder. Following a presentence investigation, the Superior Court sentenced Bowman to an

aggregate of thirty years of incarceration, suspended after four years and three months for decreasing levels of supervision. Bowman did not appeal his convictions or sentence.

(3) On January 3, 2023, Bowman filed a timely motion for sentence modification under Superior Court Criminal Rule 35(b). The Superior Court denied the motion, finding that Bowman's sentence was appropriate for the reasons stated at sentencing and that he had not provided the court with any additional information warranting a modification of sentence. Bowman did not appeal.

(4) On December 4, 2023, Bowman filed another motion for sentence modification, citing, among other things, his desire to help his elderly grandmother in her day-to-day life and his wish to enroll in college-level business management courses. The Superior Court denied the motion, finding that the motion was untimely as well as repetitive and that the Bowman's sentence remained appropriate for the reasons stated at sentencing. This appeal followed.

(5) On appeal, Bowman reiterates his desire to return to his home and to put the skills that he has acquired during his incarceration to good use. We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[1] The Superior Court may consider a motion for modification filed more than ninety days after the defendant's sentencing "only in extraordinary

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

circumstances or pursuant to 11 *Del. C.* § 4217."[2]  And the Superior Court will not consider repetitive requests for modification.[3]  Here, we can discern no abuse of discretion in the Superior Court's denial of Bowman's second, untimely motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] Del. Super. Ct. Crim. R. 35(b).
[3] *Id.*; *Culp*, 152 A.3d at 144 ("A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments. Rule 35(b) does not set forth any exception to the repetitive motion bar.").